# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

BOTTA & ASSOCIATES, L.L.C.
50 South Franklin Turnpike
Ramsey, New Jersey 07446
(201) 818-6400
 [CCB-0844]
*Attorneys for Defendant,*
*Mark Leonard*

| | |
|---|---|
| BLOOMFIELD POLICE CAPTAIN CHRISTOPHER GOUL and DETECTIVE JOHN SIERCHIO,<br><br>Plaintiffs,<br>vs.<br><br>TOWNSHIP OF BLOOMFIELD, GOVERNING BODY OF THE TOWNSHIP OF BLOOMFIELD, and MARK LEONARD, in his professional and personal capacity,<br><br>Defendant(s). | Civil Action No.: 2:09-cv-05420-SRC-MAS<br><br><br>Civil Action<br><br><br>**ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, CROSS-CLAIMS, ANSWER TO CRRSS-CLAIMS, DEMAND FOR MONEY DAMAGES, DEMAND FOR TRIAL BY JURY, AND CERTIFICATION OF SERVICE** |

Defendant, MARK LEONARD, by way of Answer to the Second Amended Complaint says:

## AS TO PARTIES

1.      Defendant admits the allegations contained in this paragraph.

2.      Defendant admits the allegations contained in this paragraph.

1

3.      Defendant admits that the Township of Bloomfield is a municipal subdivision organized pursuant to the laws of the State of New Jersey which employs the Bloomfield Police Department. Defendant denies the remaining allegations in this paragraph.

4.      Defendant admits that the Township of Bloomfield is governed by the Governing Body of the Township of Bloomfield. Defendant denies the remaining allegations in this paragraph.

5.      Defendant admits the allegations contained in this paragraph.

## AS TO JURISDICTION OF THE UNITED STATES DISTRICT COURT

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

## AS TO FACTUAL AVERMENTS

7.      Defendant admits that Plaintiffs are members of the Bloomfield Police Department, and denies the remainder of the allegations contained in this paragraph.

8.      Defendant denies the allegations contained in this paragraph.

9.      Defendant denies the allegations contained in this paragraph.

10.     Defendant denies the allegations contained in this paragraph.

11.     Defendant admits that all his actions were taken in the scope of his employment, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

12.     Defendant admits that both he and Plaintiff Goul were considered for the position of Chief, and that he subsequently became Chief of the Bloomfield Police Department. Defendant denies the remaining allegations in this paragraph.

13.     Defendant denies the allegations contained in this paragraph.

14.     Defendant denies the allegations contained in this paragraph.

15.     Defendant denies the allegations contained in this paragraph.

16.     Defendant denies the allegations contained in this paragraph.

17.     Defendant denies the allegations contained in this paragraph.

18.     Defendant denies the allegations contained in this paragraph.

19.     Defendant denies any retaliation and that he has the ability to remove detective pay from officers, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

20.     Defendant denies any retaliation, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

21.     Defendant denies the allegations contained in this paragraph.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

23.     Defendant denies the allegations contained in this paragraph.

24.     Defendant denies the allegations contained in this paragraph.

25.     Defendant admits that plaintiffs' counsel sent correspondence threatening litigation. Defendant denies the remaining allegations in this paragraph.

26.     Defendant denies the allegations contained in this paragraph.

27.     Defendant denies the allegations contained in this paragraph.

28.     Defendant denies the allegations contained in this paragraph.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

30.     Defendant denies the allegations contained in this paragraph.

31.     Defendant denies the allegations contained in this paragraph.

32.     Defendant denies the allegations contained in this paragraph.

33.     Defendant denies the allegations contained in this paragraph.

34.     Defendant denies the allegations contained in this paragraph.

35.     Defendant denies the allegations contained in this paragraph.

## AS TO SPECIFIC CAUSES OF ACTION

### COUNT I

### (42 U.S.C. 1983)

36.     Defendant repeats and reaffirms each and every answer given above as though set forth at length herein.

37.     Defendant denies the allegations contained in this paragraph.

38.     Defendant denies the allegations contained in this paragraph.

39.     Defendant denies the allegations contained in this paragraph.

### COUNT II

### (42 U.S.C. 1985)

40.     Defendant repeats and reaffirms each and every answer given above as though set forth at length herein.

41.     Defendant denies the allegations contained in this paragraph.

42.     Defendant denies the allegations contained in this paragraph.

4

43.     Defendant denies the allegations contained in this paragraph.

## COUNT III

### (42 U.S.C. 1988)

44.     Defendant repeats and reaffirms each and every answer given above as though set forth at length herein.

45.     Defendant denies the allegations contained in this paragraph.

46.     Defendant denies the allegations contained in this paragraph.

47.     Defendant denies the allegations contained in this paragraph.

## COUNT IV

### (Conscientious Employment Protection Act, N.J.S.A. 34:19-1 et seq. "CEPA")

48.     Defendant repeats and reaffirms each and every answer given above as though set forth at length herein.

49.     Defendant denies the allegations contained in this paragraph.

50.     Defendant denies the allegations contained in this paragraph.

51.     Defendant denies the allegations contained in this paragraph.

52.     Defendant denies the allegations contained in this paragraph.

53.     Defendant denies the allegations contained in this paragraph.

54.     Defendant denies the allegations contained in this paragraph.

## COUNT V

### (Common Law-Whistleblower/Retaliation)

55.    Defendant repeats and reaffirms each and every answer given above as though set forth at length herein.

56.    Defendant denies the allegations contained in this paragraph.

57.    Defendant denies the allegations contained in this paragraph.

58.    Defendant denies the allegations contained in this paragraph.

## COUNT VI

### (Intentional Infliction of Emotional Distress)

59.    Defendant repeats and reaffirms each and every answer given above as though set forth at length herein.

60.    Defendant denies the allegations contained in this paragraph.

61.    Defendant denies the allegations contained in this paragraph.

62.    Defendant denies the allegations contained in this paragraph.

63.    Defendant denies the allegations contained in this paragraph.

## COUNT VII

### (New Jersey Law Against Discrimination-

### Ethnic Italian Background – N.J.S.A. 10:5-1, et seq.)

64.    Defendant repeats and reaffirms each and every answer given above as though set forth at length herein.

65.    Defendant denies the allegations contained in this paragraph.

66.    Defendant denies the allegations contained in this paragraph.

67.    Defendant denies the allegations contained in this paragraph.

68.    Defendant denies the allegations contained in this paragraph.

## COUNT VIII

### (Hostile Work Environment)

69.     Defendant repeats and reaffirms each and every answer given above as though set forth at length herein.

70.     Defendant denies the allegations contained in this paragraph.

71.     Defendant denies the allegations contained in this paragraph.

72.     Defendant denies the allegations contained in this paragraph.

## COUNT IX

### (Civil Conspiracy)

73.     Defendant denies the allegations contained in this paragraph.

74.     Defendant denies the allegations contained in this paragraph.

75.     Defendant denies the allegations contained in this paragraph.

**WHEREFORE,** Defendant, MARK LEONARD, demands judgment dismissing the Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

## AFFIRMATIVE DEFENSES

1.     The plaintiffs have not complied with the New Jersey Tort Claims Act (N.J.S.A. 59:1-1 et. seq.).

2.     The plaintiffs' injuries were of a direct result of conduct of the plaintiffs.

7

3.      Any conduct which caused injuries to plaintiffs was caused by a third person over whom this defendant had no control or whose conduct this defendant is not liable.

4.      The defendant, as an employee of a public entity within the New Jersey Tort Claims Act, is afforded immunity, exemptions and limitations as set forth in said Act and consequently, if liable to the plaintiffs, then said damages are limited by said Act.

5.      Plaintiffs failed to comply with the conditions for making a claim against this defendant by filing a claim as described in N.J.S.A. 59:8-4 to 8 and is, therefore, barred from now making claims.

6.      Any recovery from which the plaintiff may be entitled against this defendant is subject to limitation of damage provided by N.J.S.A. 59:9-2 and any award must be reduced in accordance with that statute.

7.      This Defendant asserts absolute immunity.

8.      Defendant denies any violation of public policy in the State of New Jersey.

9.      Defendant asserts that actions of the plaintiffs were the sole and/or contributing factor in the incident against them.

10.     Defendant asserts that the Plaintiffs failed to provide a basis for assertion that they suffered a loss or damages as a result of any alleged incidents against various defendants.

11.     Any injuries and damages were caused by an arose out of risks of which Plaintiffs had full knowledge and which Plaintiffs assumed.

12.     Plaintiffs fail to set forth a claim of Constitutional dimension.

13.     The Plaintiffs' claims are barred or, at the very least, the damages to which plaintiff may be entitled to are reduced by reason of the doctrine of comparative negligence in the Comparative Negligence Act of N.J.S.A. 2A:15-5.1 et.seq.

14.     The Plaintiffs' claims are barred by reason of the Plaintiffs' contributory negligence.

15.     Any and all injuries and damages were caused solely by the negligence of the Plaintiffs.

16.     Defendant was not guilty of any negligence, wrongdoing, breach of duty, or misconduct that was the proximate or producing cause of any injuries or damages alleged by Plaintiffs.

17.     Any and all injuries and damages were caused solely by the intentional behavior of the Plaintiffs.

18.     The Plaintiffs are barred for failure to state a claim for which relief can be granted.

19.     Any damages suffered by the Plaintiffs were the result of Plaintiffs' own conduct and/or misconduct and actions.

20.     The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of this defendant.

21.     Defendant denies the allegations of improper conduct as set forth in the Plaintiffs' Complaint; however, the alleged misconduct does not rise to the level of a constitutional violation.

22.     The Defendant did not violate any duty owed to the Plaintiffs under common law, statute, regulations or standards.

23.     Defendant owed no legal duty to Plaintiffs.

24.     Defendant performed each and every duty, if any, owed to Plaintiffs.

25.     All of the actions of this defendant were performed in good faith and in the performance of his duties, and he is, therefore, entitled to qualified immunity.

26.     There was no willfulness involved in any of the events involving the factual basis upon which the suit is based.

27.     The defendant, if involved at all, acted reasonably and properly under the circumstances.

28.     The defendant had no direct and personal participation in the alleged occurrence.

29.     No malicious intent of causing a deprivation of the Plaintiff's civil rights and/or constitutional rights has been factually set out against this defendant.

30.     There is a lack of jurisdiction over the person of the defendant by reason of insufficiency of process and insufficiency of service of process.

31.     The defendant, at no time, violated any of plaintiffs' protected rights, privileges and/or immunities under the Constitution of the United States.

32.     The defendant's actions were neither reckless, wanton, irresponsible, willful nor malicious.

33.     The defendant acted on reasonable grounds and without malice and are not answerable in damages to the plaintiffs.

34.     The defendant's conduct was never motivated by an evil intention or callous or reckless indifference.

35.     Plaintiffs' claim is a frivolous action without any reasonable basis in law or equity, and cannot be supported by a good faith argument for extension, modification or reversal of existing law.

36.     Plaintiffs' claims are barred by the applicable Statute of Limitations.

37.     Plaintiffs' claims do not satisfy the District Court's jurisdictional limits.

38.     Defendant is a municipal employee who is not liable to plaintiff because he acted in good faith in the execution or enforcement of the laws of the State of New Jersey.

39.     The conduct of this defendant towards plaintiffs was reasonable and proper.

40.     There was no willfulness on the part of defendant in any of the events upon which this suit was instituted.

41.     The damages of plaintiffs are limited by the doctrine of avoidable consequences.

42.     At all times relevant hereto, defendant acted within the scope of his lawful authority or apparent authority.

43.     Plaintiffs' claims as alleged in the Complaint are not Federal law claims for which this Court has subject matter jurisdiction.

44.     Plaintiffs have failed to exhaust their administrative remedies.

45.     Plaintiffs' cause of action is barred by the conduct of Plaintiffs, which constitutes estoppel.

46.     Any change in the terms and conditions of Plaintiffs' employment was required because Plaintiffs did not adequately perform the duties of employment.

47.     No punitive damages may be awarded against Defendants pursuant to N.J.S.A. 59:9-2c.

48.     No punitive damages may be awarded against Defendants, as their actions were never willful, wanton, evil-minded, or malicious.

49.     Plaintiffs are not entitled to an award of attorneys' fees as to any of the statutory claims contained in the Complaint, as Plaintiffs will not be the prevailing party as to these claims.

50.     This action may be barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, ultra vires, and/or the applicable statutes of limitation.

51.     Defendant have complied with all legal requirements, including, but not limited to, having acted in good faith and having exercised fair discretion in determining this matter.

52.     Defendant did not engage in improper retaliatory conduct.

53.     Defendant has not violated the New Jersey Open Public Records Act or the Common Law Right to Know.

54.     Defendant did not engage in improper retaliatory conduct pursuant to the New Jersey CEPA statute.

55.     By filing a "Whistleblower" claim, Plaintiffs have waived their ability to make the civil rights claim and common law claims.

56.     Plaintiffs' "Whistleblower" claim is subject to dismissal because they failed to give notice to this Defendant orally or in writing <u>prior</u> to making a disclosure to a public body.

57.     Plaintiffs' "Whistleblower" claim is barred by the one-year Statute of Limitations.

58.     Plaintiffs' "Whistleblower" claim is subject to dismissal because any adverse employment action taken against Plaintiffs is based upon legitimate and good faith reasons, and was not made in retaliation for making a disclosure to a public body.

59.     Plaintiffs' "Whistleblower" claim is subject to dismissal because they have failed to allege protected conduct within the purview of <u>N.J.S.A.</u> 34:19-3.

60.     Plaintiffs' purely private dispute concerning their own employment with Defendants did not implicate violation of a clear mandate of public policy as contemplated by CEPA, <u> Maw v. Advanced Clinical Comms., Inc.,</u> 179 N.J. 439 (2004), nor does Plaintiff's lawsuit concern the public health, safety or welfare or protection of the environment so as to implicate CEPA's statutory protection.

11

61.   Plaintiffs' CEPA claims are subject to dismissal since the claimed offensive activity does not pose a threat of public harm, but, rather, at most constitutes a private harm of a <u>de minimis</u> nature personal only to Plaintiffs.

62.   Plaintiffs' CEPA claims are subject to dismissal since the claimed offensive activity must have public ramifications, and since the dispute between Defendant and Plaintiffs must be more than a private disagreement.

63.   Plaintiffs' federal and state civil rights claims are barred by the doctrine of qualified or good faith immunity pursuant to 42 <u>U.S.C.</u> § 1983 and pursuant to the N.J. Civil Rights Act, as said doctrine pertains to the actions of state officers in the performance of their discretionary functions under state law.

64.   This Defendant is immune from claims pursuant to 42 <u>U.S.C.</u> §1983 or other federal constitutional law claims. <u>T&M Homes, Inc. v. Twp. Of Mansfield,</u> 162 <u>N.J. Super.</u> 497, 512; <u>Bogan v. Scott-Harris,</u> 523 <u>U.S.</u> 44, 53-54 (1998).

65.   This Defendant did not violate Plaintiff's rights as protected by the United States Constitution.

66.   This Defendant did not violate Plaintiff's rights as protected by the New Jersey Constitution.

67.   Plaintiffs will not be able to prove that they had engaged in protected "free speech.'

68.   Even if Plaintiffs can prove that he did engage in protected "free speech," Plaintiffs cannot prove retaliation as a result thereof.

69.   Plaintiffs cannot prove that he engage in protected "free speech" since many of the topics detailed in Plaintiffs' various complaints were personal to Plaintiffs, and were not concerning matters of public interest.

70.   Plaintiffs' demand for punitive damages as to the federal law claims against these Defendants are barred as a matter of law, pursuant to the United States Supreme Court's decision in <u>City of Newport v. Fact Concerts</u>, 453 U.S. 247, 258-71 (1981).

71.   Plaintiffs are not entitled to an award of attorneys' fees as to any of the civil rights claims contained in the Amended Complaint.

72.   Plaintiffs' federal law claims are a frivolous action without any reasonable basis in law or equity, and cannot be supported by a good faith argument for

12

extension, modification, or reversal of existing law, such that these Defendants are entitled to an award of attorneys' fees. Christianburg Garment v. E.E.O.C., 98 S. Ct. 694 (1978).

73. Defendant did not intentionally or negligently inflict emotional distress upon Plaintiffs.

74. Defendant neither took nor sanctioned any of the actions alleged by Plaintiffs.

75. Plaintiffs are not entitled to an award of attorneys' fees as to any of the common law claims contained in the Complaint.

76. The Defendant did not violate Plaintiff's right to equal protection since Plaintiff cannot prove differential treatment due to membership in a protected class.

77. While denying any liability, this Defendant did not know and had no reasonable basis to know that co-defendants had the propensity to engage in the acts alleged in this Complaint.

78. This Defendant did not unlawfully discriminate against Plaintiffs.

79. This Defendant did not unlawfully retaliate against or harass Plaintiffs.

80. This Defendant did not subject Plaintiffs to a hostile work environment.

81. This Defendant did not conspire to violate Plaintiffs' civil rights.

**WHEREFORE,** Defendant, MARK LEONARD, demands judgment dismissing the Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

## CROSS-CLAIMS

### FIRST COUNT

This defendant demands contribution from co-defendants and others under the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq., Comparative Negligence Act, N.J.S.A. 2A:15-1, et seq., and N.J.S.A. 59:9-3 et seq.

### SECOND COUNT

While these defendants deny any intentional acts, negligence or legal duty to the plaintiffs, in the event this defendant is adjudged responsible, such liability would be solely vicarious,

imputed, secondary or technical, while the acts and negligence of the co-defendants, any and/or all of them, would be the active and primary basis for plaintiffs' injuries and damages.

## ANSWER TO CROSS-CLAIMS

This defendant, in answer to any and all Cross-claims filed herein, deny the allegations contained therein.

## DEMAND FOR DAMAGES

The attorney for plaintiff is hereby required pursuant to Local Rule 8.1 to furnish to counsel within 20 days from the date hereof with a written statement of the amount of damages claimed in this action.

## DEMAND FOR TRIAL BY JURY

Defendant herein demands trial by jury on all issues.

**BOTTA & ASSOCIATES, L.L.C.**
*Attorneys for Defendant,*
*Mark Leonard*

By  */s/ Christopher C. Botta*
    Christopher C. Botta [CCB-0844]

Dated: December 14, 2009

14

**CERTIFICATION OF SERVICE**

I hereby certify that the original of the within Answer to the First Amended Complaint, Affirmative Defenses, Jury Demand, and Certification of Service, has been electronically filed with the Clerk of the United States District Court, District of New Jersey, and a copy has been served upon plaintiff and co-defendant's attorney by first class mail.

 */s/ Christopher C. Botta*
Christopher C. Botta [CCB-0844]

Dated: December 14, 2009